J. S16038/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
   :        PENNSYLVANIA
   :
   :
   :
v.    :
   :
CHRISTOPHER R. WILLIAMS    :
   :
Appellant    :    No. 1528 EDA 2015

Appeal from the PCRA Order May 7, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0513111-1991

BEFORE: OTT, J., DUBOW, J., and JENKINS, J.

MEMORANDUM BY DUBOW, J.:             **FILED MAY 05, 2016**

Appellant, Christopher Williams, appeals from the May 7, 2015 Order that the Honorable Jeffrey P. Minehart entered dismissing Appellant's fifth Post Conviction Relief Act ("PCRA")[1] Petition as untimely. After careful review, we conclude that the PCRA court properly determined that the Petition was patently untimely and that Appellant failed to demonstrate any applicable exceptions to the timeliness requirement. Therefore, we affirm.

## **FACTUAL AND PROCEDURAL HISTORY**

On January 22, 1992, a jury convicted Appellant of first-degree Murder, Robbery, Kidnapping, Criminal Conspiracy and Possession of an

---

[1] 42 Pa.C.S. §§ 9541-9546.

Instrument of Crime.[2] Trial Ct. Op., filed 6/17/15, at 1. During the trial, a co-conspirator, James White, testified on behalf of the Commonwealth. In addition to testimony regarding the crime, the co-conspirator "testified that he agreed to cooperate in exchange for the Commonwealth not seeking the death penalty." *Commonwealth v. Williams*, No. 1488 EDA 2012, unpublished memorandum at 2 (Pa. Super. filed December 4, 2013). The co-conspirator also testified that he believed that his sentence could be commuted to fifteen years because the prosecutor promised to inform the Board of Pardons of his cooperation. *Id.* at 3.

On September 12, 1994, the trial court sentenced Appellant to life imprisonment on the murder conviction and consecutive lesser sentences on the remaining charges. Trial Ct. Op. at 1. Appellant did not file a direct appeal. *Id.*

Appellant subsequently filed four PCRA Petitions, which the courts have denied. This Court composed a detailed and accurate recitation of the procedural history when addressing Appellant's fourth PCRA Petition on appeal:

> Appellant filed his first *pro se* PCRA petition within the grace *proviso* for convictions occurring prior to the 1995 amendments to the PCRA statute. The court appointed counsel, who filed an amended petition. The court denied the petition without a hearing on April 30, 1998. Appellant filed an appeal to this Court, and we affirmed. The Pennsylvania Supreme Court

---

[2] 18 Pa.C.S. § 2502(a); 18 Pa.C.S. § 3701(a); 18 Pa.C.S. § 2901(a); 18 Pa.C.S. § 903(a); 18 Pa.C.S. § 907.

denied Appellant's discretionary appeal on June 29, 2000. Shortly thereafter, on August 28, 2000, Appellant filed a counseled serial PCRA petition. After counsel filed an amended petition and supplement thereto, the court dismissed Appellant's petition as untimely. This Court again affirmed. The Pennsylvania Supreme Court denied allowance of appeal.

Appellant filed a third PCRA petition on January 27, 2006. The PCRA court denied that petition as untimely on April 26, 2007. A panel of this Court affirmed and the Pennsylvania Supreme Court denied review. Appellant filed his [fourth petition *pro se*] on March 24, 2011. Therein, he asserted that his petition was timely based on both the newly-discovered fact and governmental interference exceptions. He argued that, on February 7, 2011, he discovered a serial PCRA petition filed by his co-conspirator White in April of 2010. Therein, White asserted that the prosecutor in this case assured him that his sentence would be commuted in fifteen years.

**Williams**, **supra** at 4-5 (internal citations omitted).

On April 20, 2012, the PCRA court dismissed Appellant's fourth PCRA Petition and this Court affirmed the dismissal on December 4, 2013. Trial Ct. Op. at 2. Appellant filed an Application for Reargument on December 18, 2013, which this Court denied on February 18, 2014.

On April 14, 2014, within sixty days of the final dismissal of the fourth PCRA Petition, Appellant filed this PCRA Petition, his fifth petition, *pro se*. **Id.**

On March 4, 2015, the PCRA court served Appellant with notice of the court's intention to dismiss his PCRA Petition and on May 7, 2015, after reviewing Appellant's responses, the PCRA court dismissed the Petition as untimely. **Id.** Appellant obtained counsel and filed a timely Notice of Appeal. **Id.**

## ISSUES ON APPEAL

Appellant raises the following issue on appeal: "Did the PCRA court err in finding that the instant PCRA petition was untimely due to Appellant's not having used reasonable diligence in obtaining the new evidence?" Appellant's Brief at 4.

## LEGAL ANALYSIS

The PCRA court properly found that "[Appellant's] present PCRA petition was untimely filed and none of the exceptions to the time-bar are applicable." Trial Ct. Op. at 2. More specifically, the PCRA court properly held that Appellant failed to meet the requirements for an exception to the timeliness requirement because the "new facts" on which Appellant based the instant PCRA Petition did not support a new claim. Rather, Appellant is asserting the same claim that he asserted at trial and in other PCRA petitions. *Id.*

The question of whether a PCRA Petition is timely raises a question of law; this Court's standard of review is *de novo* and our scope of review is plenary. **Commonwealth v. Taylor**, 65 A.3d 462, 468 (Pa. Super. 2013) (citations omitted).

It is well settled that "[t]he filing mandates of the PCRA are jurisdictional in nature and are strictly construed." *Id.* (citation omitted). Consequently, "[a]n untimely petition renders this Court without jurisdiction to afford relief." *Id.* (citation omitted).

As an initial matter, the PCRA requires a petitioner to file a PCRA Petition within one year of the date the underlying judgment becomes final. 42 Pa.C.S. § 9545(b)(1). The judgment becomes final, and thus, the time to file begins, at the conclusion of direct review or at the expiration of the appeal period for seeking the review, if the petitioner does not file a direct appeal. 42 Pa.C.S. § 9545(b)(3).

In this case, Appellant's judgment of sentence became final on October 12, 1994, thirty days after the lower court imposed sentence. Trial Ct. Op. at 4. This Petition, filed on April 14, 2014, is patently untimely as Appellant filed it almost twenty years later.

A PCRA court, however, may consider a PCRA Petition filed beyond the one year period of time if the petitioner can establish, *inter alia*, "the facts upon which the claim is predicated were unknown to the petitioner. . ." 42 Pa.C.S. § 9545(b)(1)(ii).

Additionally, the petitioner must file the PCRA Petition within sixty days of the date that the petitioner learned of the facts that support his "new claim" that he is entitled to one of the exceptions to the one year limitation. 42 Pa.C.S. § 9545(b)(2).[3]

---

[3] In cases such as this, in which the Petitioner has filed serial PCRA Petitions, the sixty day time period does not begin to run until the courts have made a final determination on the previous PCRA Petition. **See Commonwealth v. Lark**, 746 A.2d 585, 588 (Pa. 2000).

Before we even consider whether Appellant filed the Petition within sixty days of learning about the "new facts," we will consider whether the "new facts" support a new and independent claim or in the alternative, corroborate a claim Appellant has already asserted.

The Courts in Pennsylvania have consistently held that in a PCRA Petition, the newly discovered facts cannot be "another conduit for the same claim." ***Commonwealth v. Abu-Jamal***, 941 A.2d 1263, 1269 (Pa. 2008). Therefore, the courts have declined to apply the exception when the petitioner has just found a new "source for previously known facts." ***Commonwealth v. Marshall***, 947 A.2d 714, 720 (Pa. 2008) (quotation and citation omitted).

In this case, Appellant claims that the new facts to support his claim for PCRA relief are that his co-conspirator's attorney found a letter that the co-conspirator's attorney sent to the Assistant District Attorney ("ADA") confirming that the ADA would inform the Board of Pardons that the co-conspirator cooperated in the prosecution of Appellant. Appellant's Brief at 14-15.

Appellant argues that this letter establishes that the co-conspirator fabricated his testimony against Appellant in exchange for the agreement that the ADA would inform the Board of Pardons about the co-conspirator's testimony and the Board of Pardons might commute the co-conspirator's sentence. Appellant's Brief at 13.

We agree with the PCRA court that although the existence of the letter and the attorney for the co-conspirator's new recollection of events may be "new facts," these "new facts" do not establish a new claim. Rather, the "new facts" corroborate a claim that Appellant made at trial and in an earlier PCRA Petition – that the co-conspirator had a motive to fabricate testimony in order to get a commuted sentence. Since the attorney for Appellant cross-examined the co-conspirator about this deal with the Commonwealth at trial and Appellant raised the issue of this deal in Appellant's fourth PCRA Petition to no avail, these "new facts" just corroborate a claim the Appellant has consistently asserted. *Id.* at 5.

Since the "new facts" do not support a "new claim," Appellant has failed to meet the requirements of the timeliness exceptions. Therefore, we affirm the PCRA court's order dismissing the Petition.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/5/2016